PREET BHARARA
United States Attorney
Southern District of New York
By:    LI YU
       JACOB LILLYWHITE
       JESSICA JEAN HU
       NATASHA W. TELEANU
       Assistant United States Attorneys
86 Chambers Street, 3rd Floor
New York, New York 10007

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
|                   Plaintiff, | **COMPLAINT** |
|    - against - | 17 Civ. _____ |
| SILVERSTEIN PROPERTIES, INC., RIVER PLACE I, LLC, RIVER PLACE II HOLDINGS, LLC, and COSTAS KONDYLIS AND PARTNERS, LLP, | |
|                   Defendants. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

       Plaintiff the United States (the "United States" or "Government") alleges as follows:

       1.    This action is brought by the United States to enforce the Fair Housing Act, Title VIII of the Civil Rights Act of 1968, as amended by the Fair Housing Amendments Act of 1988 (the "FHA" or "Act"), 42 U.S.C. §§ 3601-3619. As set forth in full below, the United States alleges that defendants – the developers and the architect of One River Place and Silver Towers and one or more other rental complexes in Manhattan – have unlawfully discriminated against persons with disabilities under the FHA by failing to design and construct covered multi-family dwellings so as to be accessible to persons with disabilities.

## Jurisdiction and Venue

2. This Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1345 and 42 U.S.C. § 3614(a).

3. Venue is proper pursuant to 28 U.S.C. § 1391(b) and (c) because the claims asserted in this action arose in the Southern District of New York and because these claims concern or otherwise relate to real property located in this District.

## One River Place and Silver Towers

4. One River Place is a high-rise residential apartment building located at 1 River Place in Manhattan and consists of a tower with elevator access. One River Place contains 920 covered multifamily dwelling units as well as extensive public and common-use areas, including an on-site leasing office, a rooftop observation deck, laundry rooms, and an activity center that includes a children's playroom, a community room, a gym, a sun deck, and a swimming pool.

5. Silver Towers is a high-rise residential apartment building located at 620 West 42nd Street in Manhattan and consists of four towers that each has elevator access. Silver Towers contains 1355 covered multifamily dwelling units as well as extensive public and common-use areas, including a lobby, parking garage valet station, exercise room, conference room, business center, laundry rooms, and bicycle storage rooms.

6. The rental units at One River Place and at Silver Towers are "dwellings" within the meaning of 42 U.S.C. § 3602(b) and "dwelling units" within the meaning of 24 C.F.R. § 100.21. One River Place and Silver Towers both were designed and constructed for first occupancy after March 13, 1991. Thus, all of the residential units at One River Place and Silver Towers are "covered multifamily dwellings" within the meaning of 42 U.S.C. § 3604(f)(7) and 24 C.F.R. § 100.21; and both rental complexes are subject to the accessibility requirements of 42 U.S.C. § 3604(f)(3)(C) and 24 C.F.R. § 100.205(a), (c).

**The Defendants**

7.  Silverstein Properties, Inc. ("SPI") is a New York business corporation that, directly and/or operating through its subsidiaries and affiliates, developed and, in that capacity, participated in the design and construction of One River Place.

8.  River Place I, LLC is a New York limited liability company that owns and, in that capacity, participated in the design and construction of One River Place.

9.  River Place II Holding, LLC is a New York limited liability company that owns and, in that capacity, participated in the design and construction of Silver Towers.

10. Costas Kondylis and Partners, LLP ("Costas Kondylis"), a New York limited liability partnership, was the architect of record for both One River Place and Silver Towers.  In that capacity, Costas Kondylis participated in the design and construction of One River Place and Silver Towers.

**Inaccessible Features at One River Place and at Silver Twoers**

11. SPI, River Place I, LLC, and Costas Kondylis participated in the design and construction of One River Place, which is inaccessible to persons with disabilities.  Specifically, One River Place was designed and constructed with scores of inaccessible conditions, including, but not limited to, the following:

   a. Excessive force is required to operate the entrance doors to the leasing office;

   b. Doors in the leasing office are too narrow for persons who use wheelchairs;

   c. There are excessively high thresholds at entrances to individual units and at entrances to individual unit bathrooms;

   d. There is insufficient clear opening width of entrance, bedroom, bathroom and closet doors to individual units;

   e. Kitchen ranges, refrigerators, dishwashers, and sinks in individual units do not allow sufficient clearance to accommodate persons who use wheelchairs;

    f.   Kitchen outlets are in inaccessible locations;

    g.   Bathrooms in individual units lack sufficient clear floor space to accommodate persons who use wheelchairs;

    h.   Banjo countertops in individual unit bathrooms prevent future installation of grab bars;

    i.   Light sconces in hallways protrude into the hallway, endangering persons with visual impairments;

    j.   Laundry rooms lack sufficient turning space for persons who use wheelchairs for mobility;

    k.   There are excessively high thresholds at entrances to children's playroom, community room and several activity/fitness center areas;

    l.   There is an excessive running slope of ramp leading to the observation deck;

    m.   There is a lack of level landing at the top of the ramp leading to the observation deck;

    n.   There are steps along the route to the sun deck in the activity center;

    o.   Activity center locker rooms and bathrooms lack adequate clear floor space for maneuvering by persons who use wheelchairs; and

    p.   There is insufficient clear opening width of sauna entrance door.

12.    SPI, River Place II Holding, LLC, and Costas Kondylis participated in the design and construction of Silver Towers, which is inaccessible to persons with disabilities. Specifically, Silver Towers was designed and constructed with scores of inaccessible conditions, including, but not limited to, the following:

    a.   Excessive force is required to operate entrance door to North and South Tower lobbies, and excessively high reception desk;

    b.   Excessive closing speed and excessive force are required to operate entrance door to North and South Tower bicycle storage rooms;

    c. North and South Tower laundry room sinks lack sufficient clearance and pipe insulation;

    d. Excessive closing speed and excessive force are required to operate the entrance door to laundry room cellar;

    e. There are excessively high thresholds at entrances to individual units and at entrances to bathrooms within individual units;

    f. There is insufficient clear floor space within bathrooms in individual units for maneuvering by persons who use wheelchairs;

    g. There are excessively high thresholds at entrances to trash chute rooms;

    h. Excessive force is required to operate entrance doors in South Tower men's and women's changing rooms;

    i. Maneuvering space inside entrance door to South Tower yoga room is obstructed;

    j. There is an excessively high threshold at the entrance to the conference room;

    k. Excessive force is required to operate entrance door to conference room; and

    l. Excess force is required to operate entrance door to the South Tower leasing office.

13. In light of some and/or all of the inaccessible conditions identified in paragraphs 11 and 12 above, SPI, River Place I, LLC, River Place II Holding, LLC, and Costas Kondylis also failed to comply with applicable local accessible design and construction provisions, including New York City Local Law 58, in designing and constructing One River Place and Silver Towers.

### Inaccessible Features at One or More Other Properties Developed by SPI

14. The widespread inaccessible conditions at One River Place and at Silver Towers reflect a pattern or practice on SPI's part of failing to comply with the FHA in designing and constructing multi-family dwellings subject to the FHA's accessibility requirements.

15. SPI has designed and constructed one or more other multi-family dwellings subject to the FHA's accessibility requirements. SPI's pattern or practice of failing to design and construct dwellings in compliance with the FHA, as alleged herein, may extend to its other multi-family dwellings.

## Fair Housing Act Claims

16. The United States re-alleges and herein incorporates by reference the allegations set forth in paragraphs 1-15 above.

17. Defendants violated 42 U.S.C. § 3604(f)(3)(C) and 24 C.F.R. § 100.205(c) by failing to design and construct One River Place and Silver Towers in such a manner that:

   a. the public use and common use portions of the dwellings are readily accessible to and usable by persons with disabilities;

   b. all doors designed to allow passage into and within the dwellings are sufficiently wide to allow passage by persons who use wheelchairs for mobility; and

   c. all premises within such dwellings contain the following features of adaptive design:

      i. an accessible route into and through the dwelling;

      ii. light switches, electrical outlets, thermostats, and/or other environmental controls in accessible locations; and

      iii. usable kitchens and bathrooms, such that an individual using a wheelchair can maneuver about the space.

18. Defendants, through the actions and conduct referred to in the preceding paragraph, have:

   a. discriminated in the sale or rental of, or otherwise made unavailable or denied, dwellings to buyers or renters because of a disability, in violation of 42 U.S.C. § 3604(f)(1) and 24 C.F.R. § 100.202(a);

    b. discriminated against persons in the terms, conditions, or privileges of the sale or rental of a dwelling, or in the provision of services or facilities in connection with a dwelling, because of a disability, in violation of 42 U.S.C. § 3604(f)(2) and 24 C.F.R. § 100.202(b); and

    c. failed to design and construct dwellings in compliance with the accessibility and adaptability features mandated by 42 U.S.C. § 3604(f)(3)(C) and 24 C.F.R. §100.205.

19. The conduct of defendants described above constitutes:

    a. a pattern or practice of resistance to the full enjoyment of rights granted by the FHA, 42 U.S.C. §§ 3601-3619; and/or

    b. a denial to a group of persons of rights granted by the FHA, 42 U.S.C. §§ 3601-3619, which denial raises an issue of general public importance.

20. Persons who may have been the victims of defendants' discriminatory housing practices are aggrieved persons under 42 U.S.C. § 3602(i), and may have suffered injuries as a result of defendants' conduct described above.

21. Defendants' discriminatory actions and conduct described above were intentional, willful, and taken in disregard for the rights of others.

## Prayer for Relief

WHEREFORE, the United States prays that the Court enter an order that:

(1) declares that the policies and practices of defendants, as alleged in this complaint, violate the Fair Housing Act;

(2) enjoins defendants, their officers, employees, agents, successors, and all other persons in active concert or participation with any of them, from:

    a. failing or refusing to bring the dwelling units and public use and common use

   areas at One River Place, Silver Towers, and other covered multifamily dwellings into compliance with 42 U.S.C. § 3604(f)(3)(C), and 24 C.F.R. § 100.205;

   b. failing or refusing to take such affirmative steps as may be necessary to restore, as nearly as practicable, persons harmed by defendants' unlawful practices to the position they would have been in but for the discriminatory conduct; and

   c. designing and/or constructing any covered multifamily dwellings in the future that do not contain the accessibility and adaptability features required by 42 U.S.C. § 3604(f)(3)(C), and 24 C.F.R. § 100.205; and

   d. failing or refusing to conduct a compliance survey at all covered multifamily dwellings designed, developed, and constructed by defendants to determine whether the retrofits ordered in paragraph 2(a) were made properly.

(3)   awards appropriate monetary damages, pursuant to 42 U.S.C. § 3614(d)(1)(B), to each person harmed by defendants' discriminatory conduct and practices; and

(4)   assesses a civil penalty against each defendant in the maximum amount authorized by 42 U.S.C. § 3614(d)(1)(C), to vindicate the public interest.

The United States further prays for such additional relief as the interests of justice may require.

                          LORETTA E. LYNCH
                          Attorney General of the United States

                          _____/s/_____
                          VANITA GUPTA
                          Principal Deputy Assistant Attorney General
                          Civil Rights Division

Date: New York, New York
       January 5, 2017

                          PREET BHARARA
                          United States Attorney

By:       _____*/s/ Li Yu*_____
                          LI YU
                          JACOB LILLYWHITE
                          JESSICA JEAN HU
                          NATASHA W. TELEANU
                          Assistant United States Attorneys
                          86 Chambers Street, 3rd Floor
                          New York, New York 10007
                          Tel. Nos. (212) 637-2734/2639/2726/2528
                          Li.Yu@usdoj.gov
                          Jacob.Lillywhite@usdoj.gov
                          Jessica.Hu@usdoj.gov
                          Natasha.Teleanu@usdoj.gov