

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*86 Chambers Street, Third Floor*
*New York, New York  10007*

January 6, 2017

**BY ECF AND BY HAND**
Honorable Vernon S. Broderick
United States District Court
Thurgood Marshall U.S. Courthouse
40 Foley Square, Room 415
New York, New York  10007

Re:   *United States v. Silverstein Properties, Inc. et al.*, 17 Civ. 076 (VSB)(JCF)

Dear Judge Broderick:

On January 5, 2017, the United States ("Government") commenced the above-referenced action pursuant to the Fair Housing Act, 42 U.S.C. § 3601 *et seq*. (the "FHA"), alleging that certain conditions at One River Place and Silver Towers, two rental complexes in Manhattan, are inaccessible to persons with disabilities.  Specifically, the Government's Complaint names as defendants (*i*) Silverstein Properties, Inc. and two of its affiliate, the owners, builders, and/or developers of One River Place and Silver Towers (collectively, the "SPI defendants"); and (*ii*) Costas Kondylis & Partners, LLP, the architectural firm that prepared the designs for both One River Place and Silver Towers ("Costas Kondylis").

We write to advise the Court that, in advance of filing this case, the Government and the SPI defendants engaged in extensive settlement negotiations and those led to the execution of a proposed consent decree that, if approved, would resolve all the claims against the SPI defendants in this case.  We respectfully enclose, for the Court's review, a copy of that proposed consent decree (the "Proposed CD"), along with a copy of the Government's Complaint, and respectfully request that the Court approve and enter the Proposed CD.[1]

I.      **FHA's Accessibility Requirements and the Government's Enforcement Authority**

Congress enacted the FHA's accessible design and construction provisions to ensure that multifamily dwellings constructed for occupancy after March 13, 1991 would have "basic features" of accessibility that can be "eas[ily] incorporated in housing design and construction." H.R. Rep. No. 100-711, at 26-27 (1988).  Specifically, the FHA requires that the "public use and common use" areas must be "readily accessible to and usable" by persons with disabilities; that "all the doors designed to allow passage into and within all" covered dwellings must be "sufficiently wide to allow passage by" persons with disabilities using wheel chairs; and that "all premises within such dwellings" must have (*i*) accessible routes; (*ii*) light switches, electrical outlets, and environmental controls, such as thermostats, in accessible locations; (*iii*)

---

[1]   We also have spoken with counsel for Costas Kondylis about exploring settlement.  We will promptly notify the Court if a settlement is reached or if discussions cease to be productive.

reinforcements in bathroom walls for installation of grab bars; and (*iv*) maneuvering spaces in kitchens and bathrooms for persons using wheelchairs.  *Id*. § 3604(f)(3)(C)(iii).

To ensure compliance with these requirements, the FHA authorizes the Government to bring civil actions to seek injunctive and equitable relief, civil penalties, and compensatory and punitive damages on behalf of aggrieved persons.[2]  *See* 42 U.S.C. § 3614; *see generally United States v. Shanrie Co., Inc.*, 669 F. Supp. 2d 932 (S.D. Ill. 2009).  In this District, the Government has filed and settled twelve other FHA design and construction cases in recent years, and ten of those cases have been settled under terms similar to those in the Proposed CD.[3]

## II.      Terms of the Proposed CD

In advance of initiating this case, the Government inspected One River Place and Silver Towers.  We then engaged in extensive settlement discussions with counsel for the SPI defendants, which resulted in agreement over terms reflected in the Proposed CD.  Specifically, the Proposed CD reflects compromises, by both the Government and the SPI defendants, on matters such as how to apply the FHA's requirements to features at One River Place and Silver Towers; whether it is feasible to retrofit certain allegedly inaccessible features, given that construction was finished years ago; the speed with which retrofits should be made; and the amount the SPI defendants should make available to compensate aggrieved persons.

Under the Proposed CD, the SPI defendants will, *inter alia*, (*i*) make extensive retrofits at One River Place and Silver Towers to remedy the alleged inaccessible conditions, *see* Proposed CD ¶¶ 2–19, Apps. A-1, A-2, B-1, B-2 (detailing the retrofits to be made); (*ii*) arrange for inspection of One Freedom Place, another rental complex in Manhattan, and, where necessary, make retrofits there, *id*. ¶¶ 20–33; (*iii*) implement procedures and educational programs to ensure that their ongoing and future residential developments will comply with the FHA, *id*. at ¶¶ 50–55, 70–76; (*iv*) provide up to $960,000 to compensate aggrieved persons, *id*. at ¶¶ 56–68; and (*v*) pay a civil penalty in the amount of $50,000, *id*. at ¶ 69.  The SPI defendants also will be enjoined from discriminating on the basis of disability as prohibited by the FHA.  *Id.* at ¶ 1.

---

[2]   Under the FHA, "aggrieved persons" themselves also can commence civil actions based on violations of the FHA's accessibility requirements to obtain actual and punitive damages, injunctive relief, and costs and fees.  *See* 42 U.S.C. § 3613.

[3]   The ten suits that have been settled are: (1) *U.S. v. CVP I, et al.*, 08 Civ. 7194 (SHS) (consent decree entered October 15, 2010); (2) *U.S. v. L&M 93rd Street LLC et al.*, 10 Civ. 7495 (RMB) (consent decree entered on July 22, 2011); (3) *U.S. v. Larkspur, LLC et al.*, 11 Civ. 6321 (DAB) (consent decrees entered on October 5, 2011 and January 26, 2012); (4) *U.S. v. 475 Ninth Ave. Assoc. LLC et al.*, 12 Civ. 4174 (JMF) (consent decree entered May 25, 2012); (5) *U.S. v. 2 Gold LLC et al.*, 13 Civ. 2679 (RPP) (consent decrees entered April 24, 2013 and June 5, 2014); (6) *U.S. v. John Buck Company, LLC et al.*, 13 Civ. 2678 (LGS) (consent decree entered June 11, 2013); (7) *U.S. v. Tower 31, LLC et al.*, 14 Civ. 6066 (AJN) (consent decree entered August 11, 2014); (8) *U.S. v. Related Companies et al.*, 14 Civ. 1826 (SAS) (consent decrees entered December 10, 2014 and February 4, 2015); (9) *U.S. v. The Durst Organization et al.*, 14 Civ. 2698 (RA) (consent decrees entered November 13, 2015 and February 29, 2016); and (10) *U.S. v. Glenwood Management et al.*, 16 Civ. 836 (JPO) (consent decrees entered February 11 and May 18, 2016).  Settlement discussions are ongoing in the other two suits — *U.S. v. Ginsburg Development*, 16 Civ. 7301 (NSR), and *U.S. v. Strulovitch*, 16 Civ. 9931 (PGG).

**III.     The Proposed CD Should Be Approved**

Consensual resolutions of FHA cases are "highly favored" because they encourage "cooperation and voluntary compliance," reduce litigation costs, and limit the demand on judicial resources. *Jones v. Amalgamated Warbasse Houses, Inc.*, 97 F.R.D. 355, 358-59 (E.D.N.Y. 1982); *see also Durrett v. Hous. Auth. of City of Providence*, 896 F.2d 600, 604 (1st Cir. 1990) (recognizing "a clear policy in favor of [] settlements" in FHA cases). Further, in the design and construction context, settlements advance the purpose of the FHA, and benefit the public, by ensuring inaccessible features are retrofitted promptly, instead of only after lengthy litigation.

In light of the policy favoring settlement in FHA cases, judicial review of a proposed consent decree does not entail an inquiry "into the precise legal rights of the parties" or resolving "the merits of the claims or controversy." *Metro. Hous. Dev. Corp. v. Village of Arlington Heights*, 616 F.2d 1006, 1014 (7th Cir. 1980). Instead, as the Second Circuit recently held in the context of securities enforcement, a district court should approve a governmental enforcement consent decree so long as it is "fair and reasonable." *SEC v. Citigroup Global Mkts*, 752 F.3d 285, 293 (2d Cir. 2014).

Here, the Proposed CD should be approved. At the outset, the Court can presume its fairness because it is the product of arms' length negotiations among experienced counsel. *See In re: IPO Sec. Litig.*, 671 F. Supp. 2d 467, 480-81 (S.D.N.Y. 2009). Further, the Proposed CD is consistent with the FHA's text and purpose insofar as it reflects the SPI defendants' agreement to make timely retrofits to remedy specified conditions in the subject buildings, compensate aggrieved persons, pay a civil penalty, and adopt procedures to ensure compliance with the FHA on a going-forward basis. *See* 42 U.S.C. § 3614.

*          *          *

For the reasons set forth above, we respectfully request that the Court approve that Proposed CD.[4] We thank the Court for its consideration of this letter and the enclosed papers.

Respectfully submitted,

PREET BHARARA
United States Attorney
Southern District of New York

By: _____
LI YU
JACOB LILLYWHITE
JESSICA JEAN HU
NATASHA W. TELEANU
Assistant United States Attorneys
Tel. (212) 637-2734/2639/2726/2528
Fax (212) 637-2686

Encls. (2)

---

[4] In accordance with local rules, we are submitting the Proposed CD to the Orders and Judgments Clerk by email, in lieu of attaching it to the ECF copy of this letter. But a copy of the Proposed CD is enclosed with the hand-delivered copy of this letter.

cc     (<u>by email</u>):
Lawrence Spiegel, Esq. and Patrick Wilson, Esq.,
*Counsel for the SPI Defendants*

Christopher Albanese, Esq.,
*Counsel for Costas Kondylis*