UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>                   v.<br><br>SILVERSTEIN PROPERTIES, INC.;<br>RIVER PLACE I, LLC; RIVER PLACE II<br>HOLDINGS I LLC; and COSTAS<br>KONDYLIS AND PARTNERS, LLP,<br><br>                Defendants. | 17 Civ. 00076 (VCB) |

**DISTRIBUTION ORDER**

1.  On January 12, 2017, this Court entered a Consent Decree (the "Developer CD") between plaintiff the United States of America (the "Government") and Silverstein Properties, Inc. ("Silverstein"); River Place I, LLC; and River Place II Holdings I LLC (together, the "Developer Defendants"). Without admitting liability, the Developer CD resolved claims alleged in the Government's Complaint in this action against the Developer Defendants.

2.  As part of the relief obtained by the Government, Silverstein deposited in an interest-bearing account the sum of $480,000 for the benefit of compensating any aggrieved persons (the "Developer Settlement Fund").

3.  Paragraph 68 of the Developer CD provides that, if less than the total amount of the Developer Settlement Fund is distributed to aggrieved persons, and after the Government determines that no further aggrieved persons will be identified, the remainder (the "Developer Remaining Funds") shall be distributed to one or more qualified organizations selected and proposed by the Silverstein, subject to the approval of the Court,

for the purpose of conducting fair housing enforcement-related activities in New York City. Paragraph 57 of the Developer CD further states that "[b]efore selecting the Qualified Organization(s), [Silverstein] will obtain a proposal from the organization(s) on how the funds will be used consistent with the above-stated purposes, submit such proposal to the United States, and consult with and obtain the non-objection of the United States" before proceeding.

4. The Government and Silverstein made numerous efforts between 2017 and 2022 to identify potential aggrieved persons and investigate their claims. Among other things, Silverstein published a notice to potential aggrieved persons in *The New York Times*. In addition, the notice was sent to 11 New York-based disability organizations. That notice also was posted on Silverstein's website and mailed to past and current residents of properties owned by Silverstein. Despite these efforts, the parties did not identify any aggrieved persons and, accordingly, no one was entitled to compensation from the Developer Settlement Fund.

5. Currently, approximately $480,000, plus accrued interest in the approximate amount of $37,000, remains in the Developer Settlement Fund; the deadline for submitting claims under the Developer Consent Decree has passed; and the Government has determined that no additional aggrieved persons will be identified.

6. The Developer Defendants have proposed to the Government two organizations to receive the Developer Remaining Funds: The Center for Independence of the Disabled, New York ("CIDNY") and The Brooklyn Center for Independence of the Disabled ("BCID"). CIDNY and BCID have been actively involved with accessibility issues in New York City for decades and participated in significant enforcement efforts to ensure

accessibility in transportation, housing, and other areas.

    a. BCID proposes to: (1) Fund a series of tests to gauge whether landlords and real estate brokers are engaging in discriminatory practices; (2) Conduct a campaign to educate landlords and real estate brokers about fair housing law, especially as it relates to disabled New Yorkers; (3) Conduct a know-your-rights campaign run by and directed at disabled New Yorkers about anti-discrimination law; and (4) Demonstrate universal design principles to other fair and affordable housing advocates

    b. CIDNY proposes primarily to: (1) Develop and conduct monthly workshops addressing the specific requirements of the federal Fair Housing Act and New York State and New York City Human Rights Laws accessibility provisions and guidance for people with disabilities for effective self-advocacy of their housing rights; (2) Develop and implement a "Know Your Fair Housing Rights" series for social and traditional media that focuses on the housing rights of people with disabilities and common housing discrimination issues; and (3) Provide free counseling to people with disabilities on housing eligibility, housing search, housing applications, housing modifications, and government entitlements.

    c. Finally, both BCID and CIDNY have agreed to submit a report to the Government within one year from receipt of the Developer Remainder Funds to detail how each has used the funds to further the fair housing activities described above, as well as an additional report to cover the anticipated second year during which it will continue to use the funds.

7. Pursuant to paragraph 68 of the Developer CD, the Government has given its "non-objection" to the proposals from Silverstein, BCID, and CIDNY.

8. The Court hereby approves the selection of BCID and CIDNY and approves the disbursement of the Developer Remaining Funds from the Developer Consent Decree to BCID and CIDNY, each of which shall receive half of Developer Remaining Funds plus accrued interest.

9. Silverstein is hereby ordered to disburse the Developer Remaining Funds as required by Paragraph 68 of the Developer CD to BCID and CIDNY within thirty days of the issuance of this order.

10. No later than twelve months after receipt of the Developer Remaining Funds, BCID and CIDNY shall each submit a report to counsel for the Government detailing how they have used the funds to pursue fair housing activities during the twelve months following their receipt of the Developer Remaining Funds, and shall continue to report to the Government on every anniversary date that the first report is due until the Remaining Funds are fully expended.

Dated:   New York, New York
         October 18, 2023

SO ORDERED.

_[signature]_
HON. VERNON S. BRODERICK
UNITED STATES DISTRICT JUDGE